IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Milton J. Harvey, | ) | C/A No.: 1:09-3117-HFF-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Keith Small and Phill Hanna, | ) | |
| Defendants. | ) | |

Plaintiff, who is proceeding *pro se* in this action, is an inmate at Georgetown County Detention Center ("GCDC"). Plaintiff has asserted claims under 28 U.S.C. § 1983, alleging various claims of violations of his constitutional rights.

Before the court are the following motions: (1) Defendant Hanna's Motion to Dismiss [Entry #7]; and (2) Defendant Small's Motion for Summary Judgment [Entry #19]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motions are dispositive motions, this Report and Recommendation is entered for review by the district judge.

I.  Factual and Procedural Background

Plaintiff filed his complaint in this action on December 10, 2009. Defendant Hanna filed a motion to dismiss on January 18, 2010 and Defendant Small filed a motion for summary judgment on May 14, 2010. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment and dismissal

procedures and the possible consequences if he failed to respond adequately to Defendants' Motions. [Entry #9 and #20]. Plaintiff filed a response in opposition to Defendant Small's motion [Entry #26], but failed to respond to Defendant Hanna's motion. Having carefully considered the parties' submissions and the record in this case, the court recommends Defendants' motions to dismiss and for summary judgment be granted.

In his complaint, Plaintiff first alleges Defendant Small approached him on September 11, 2009, and commanded that he put his hands on his vehicle. (Compl. 3). Plaintiff's complaint states, "Before I could comply Ofc. Small used his left forearm and force me against the vehicle."[1] (*Id.*) Plaintiff further alleges Defendant Small then searched him. (*Id.*) Plaintiff was asked to show identification and he complied. According to Plaintiff, he was then taken to the side of the road and questioned while "Ofc. John Doe" searched his car. Eventually, Plaintiff agreed to "go to the station for questioning." Plaintiff was later released. Plaintiff alleges that Small, the only named defendant involved in this incident, violated his Fourth and Eighth Amendment rights during this incident.

Plaintiff next alleges that on September 14, 2009, Defendant Small made false statements in an affidavit with regard to probable cause. Plaintiff also alleges that Defendant Hanna, an investigator with the Georgetown Police Department, made false

---

[1] The court does not construe this as an excessive force during arrest claim, as Plaintiff has not alleged that he was physically injured in any way whatsoever.

statements under oath during a preliminary hearing. Plaintiff claims Defendants' actions with regard to these false statements violated his rights under the Fifth and Fourteenth Amendments.

II. Standard of Review

    A. Motion to Dismiss

Defendant Hanna move to dismiss this action pursuant to Fed. R. Civ. Proc. 12(b). This court is required to liberally construe pro se complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Pro se complaints are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). When a federal court is evaluating a pro se complaint, the plaintiff's factual allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a

federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). Although the court must liberally construe a pro se complaint, the United States Supreme Court has recently made clear that, under Fed. R. Civ. Proc. 8, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. *See Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 555. Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 555.

Expounding on its decision in *Twombly*, the United States Supreme Court stated in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 556, 557, 570) (citations omitted); *see also Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003).

III. Analysis

Here, the incident in which Plaintiff was stopped by Defendant Small on September 11, 2009, and Plaintiff's eventual arrest on September 14, 2009, are related to the same criminal matter, which appears to be pending in state court. Although the holding in *Heck v. Humphrey*, 512 U.S. 477(1994), is not applicable to the above-captioned case, *see Wallace v. Kato*, 549 U.S. 384 (2007), the above-captioned case is still subject to dismissal. Absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings.[2] *See, e.g., Younger v. Harris*, 401 U.S. 37, 44 (1971); *Harkrader v. Wadley*, 172 U.S. 148, 169-170 (1898); *Nivens v. Gilchrist*, 319 F.3d 151 (4th Cir. 2003); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989). In *Cinema Blue of Charlotte, Inc. v. Gilchrist*, the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. *See also Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975) (en banc 1976). In *Bonner v. Circuit Court of St. Louis*, the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts:

---

[2] Even if this court had jurisdiction over this matter, it appears that the arrest warrant for Plaintiff was valid, as it was issued by a neutral South Carolina Magistrate Judge.

"Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."

In light of the foregoing, the undersigned lacks subject matter jurisdiction over this matter and it should be dismissed.

IV.   Conclusion

For the reasons discussed above, it is recommended that Defendant Hanna's Motion to Dismiss [Entry #7] and Defendant Small's Motion for Summary Judgment [Entry #19] be granted and this case be dismissed in its entirety.

IT IS SO RECOMMENDED.

August 3, 2010
Florence, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**